**IN THE UNITED STATES DISTRICT COURTFOR THE EASTERN DISTRICT OF TENNESSEEAT CHATTANOOGA**

**MELINDA MARCHELE MAYES,**
  **Plaintiff,**

v.

            **CIVIL ACTION NO.** _____
            **JURY DEMANDED**

**CIGNA HEALTHCARE, INC.,**
  **Defendant.**

## COMPLAINT

## I. INTRODUCTION

1. This is an action for declaratory, injunctive and compensatory relief brought by Plaintiff Melinda Marchele Mayes against her long-time employer, Cigna Healthcare, Inc. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and the Tennessee Human Rights Act, Tenn. Code Ann. §§ 4-21-101 *et seq.* ("THRA"), to remedy Defendant's unlawful religious discrimination, disparate treatment, maintenance of a hostile work environment, failure to accommodate religious practices and retaliation.

2. Defendant unlawfully disciplined and threatened Plaintiff with termination for engaging in constitutionally protected religious expression (prayer), while simultaneously allowing, participating in, and condoning similar religious speech and prayer by other employees and company teams.

## II. PARTIES

3. Plaintiff Melinda Marchele Mayes is an individual and a citizen of the State of Tennessee, residing in Chattanooga, Hamilton County, Tennessee.

4. Defendant Cigna Healthcare, Inc. ("Cigna") is a foreign corporation authorized to do business in the State of Tennessee, conducting business at 1111 Market St., Chattanooga, TN 37402.

5. Defendant may be served with process through its registered agent: C T Corporation System, 300 Montvue Rd, Knoxville, TN 37919-5546.

## III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question).

7. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367, as they form part of the same case or controversy.

8. Venue is proper in the Eastern District of Tennessee, Chattanooga Division, pursuant to 28 U.S.C. § 1391(b), because Defendant transacts business in this district, and the unlawful employment practices giving rise to Plaintiff's claims occurred at Defendant's workplace located in Chattanooga, Tennessee.

9. Plaintiff has exhausted her administrative remedies. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunities Commission ("EEOC") alleging religious discrimination and retaliation.

10. The EEOC investigated the charge and subsequently issues a Notice of Right to Sue letter to Plaintiff on March 12, 2026. This action is timely filed within the (90) days of Plaintiff's receipt of said Notice.

## IV. FACTUAL ALLEGATIONS

11. Plaintiff, Melinda Marchele Mayes, has been a long-time, dedicated employee of Defendant Cigna Healthcare, Inc.

12. In August 2024, Plaintiff's superiors addressed a report that Plaintiff had asked to pray for a coworker. The Plaintiff admitted to the behavior, which management deemed displeasing and "not appropriate for the work environment."

13. Management ordered Plaintiff to stop and explicitly directed her to refrain from any behavior that could be construed as religious or prayer-related. Feeling compelled to do so to protect her employment, Plaintiff agreed.

14. In June 2025, Defendant initiated a subsequent investigation regarding allegations that Plaintiff had engaged in prayer with another employee.

15. Defendant concluded that Plaintiff had engaged in discussions related to religion and prayer with the other employee, in alleged violation of the August 2024 directive.

16. As a result, Plaintiff was placed on a "Verbal Warning" status, and a formal document was permanently placed in her employment record kept by the employer.

17. The written disciplinary document, which is dated 6/27/2025 – 07/28/2025, stated:

> Going forward, you are expected to maintain conduct that reflects Cigna's commitment to our customers and employees and demonstrates the highest standard of ethics and integrity. This disciplinary action is in place for an indefinite period of time. If you again engage in this type of conduct described above, or any other inappropriate conduct, you will be subject to further disciplinary action, up to and including immediate termination.

Written Disciplinary Action, pp.1-2.

18. Plaintiff subsequently reached out to Kent Hickman, the Director over Employee Relations for her department. Mr. Hickman arbitrarily concluded that Cigna's investigative practices were correctly followed and proper guidance was given for this act of discipline. He refused to re-investigate or make alternative conclusions acknowledging Plaintiff's religious rights. Upon information and belief, Defendant does not maintain a policy of strict religious neutrality. However, even if Defendant purports to enforce a neutrality policy, federal and state law demand more than mere passive neutrality; employers are legally required to provide affirmative accommodation to employees' sincerely held religious beliefs and practices unless doing so

imposes an undue hardship. Defendant made no attempt to accommodate Plaintiff, choosing instead to issue punitive mandates.

19. Defendant's application of its policies is blatantly hypocritical and discriminatory. Upon information and belief, Defendant is aware of, allows, and often participates in a Chat Group wherein prayers are requested, religion is discussed, and absolutely no repercussions occur for participating employees.

20. Furthermore, on August 28, 2025, an email was circulated by Defendant's SRCS Service Recovery Intake team regarding a school shooting incident that occurred at Annunciation Catholic School in Minneapolis, Minnesota. The company-sanctioned email concluded: *"Please keep the community, the victims, and their family in your thoughts and prayers."*

21. No action, discipline, or warning was taken against the employee who circulated that email, highlighting the disparate, discriminatory treatment Plaintiff faced for engaging in identical conduct. As a direct and proximate result of Defendant's discriminatory actions, hostile enforcement, and indefinite threats of immediate termination, Plaintiff has suffered severe emotional distress, mental anguish, humiliation, and a profound disruption to the terms, conditions, and privileges of her employment.

# V. CAUSES OF ACTION

**COUNT I: RELIGIOUS DISCRIMINATION AND DISPARATE TREATMENT** *(Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.)*

22. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

23. Plaintiff is a person of faith who engages in sincere religious practices, including prayer.

24. Defendant subjected Plaintiff to adverse employment actions, including a formal verbal warning, a negative write-up in her employment record, and the threat of termination, because of her religious practices.

25. Defendant treated Plaintiff less favorably than other employees who were permitted to discuss religion, participate in religious chat groups, and solicit prayers in the workplace without discipline.

26. Defendant's actions constitute unlawful religious discrimination and disparate treatment in violation of Title VII.

## COUNT II: RELIGIOUS DISCRIMINATION AND DISPARATE

## TREATMENT *(Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101 et seq.)*

27. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

28. The THRA prohibits employers from discriminating against an individual with respect to compensation, terms, conditions, or privileges of employment because of such individual's religion.

29. By disciplining Plaintiff and threatening her with termination for engaging in religious expression while permitting other employees to do so, Defendant violated the THRA.

## COUNT III: HOSTILE WORK ENVIRONMENT *(Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and THRA)*

30. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

31. Defendant's enforcement of a sweeping, discriminatory gag order specifically targeting Plaintiff's religious practices and speech, while simultaneously endorsing the religious speech and prayer of other employees, subjected Plaintiff to a discriminatory and hostile work environment.

32. The harassment directed at Plaintiff because of her religion was severe and/or pervasive, altering the conditions of her employment and creating an abusive and hostile working atmosphere.

## **COUNT IV: RETALIATION** *(Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and THRA)*

33. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

34. Plaintiff engaged in statutorily protected activity by requesting to pray for coworkers and attempting to engage in religious expression, protected under Title VII and the THRA.

35. Following her assertion of these rights, Defendant retaliated against Plaintiff by launching an investigation, issuing a formal "Verbal Warning," placing an indefinite disciplinary write-up in her file, and threatening termination.

36. Furthermore, Employee Relations Director Kent Hickman retaliated against and/or perpetuated the retaliation against Plaintiff by dismissing her complaints regarding her religious rights and rubber-stamping the discriminatory discipline.

37. Defendant's conduct was done with malice and reckless indifference to Plaintiff's federally and State protected rights.

# VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Melinda Marchele Mayes, respectfully prays that this Court enter judgment in her favor and against Defendant Cigna Healthcare, Inc., and grant the following relief:

A. A declaratory judgment stating Defendant's actions, policies, and practices complained of herein violate Title VII and the THRA;

B. A permanent injunction enjoining Defendant, its officers, agents, employees, and all persons acting in active concert with them, from engaging in religious discrimination and retaliation;

C. An order directing Defendant to expunge the "Verbal Warning" and all related disciplinary write-ups regarding religious behavior from Plaintiff's permanent employment record;

D. An award of compensatory damages in an amount to be proven at trial for mental anguish, emotional distress, anxiety, humiliation, and damage to her reputation;

E. An award of punitive damages, as Defendant's conduct was done with malice and reckless indifference to Plaintiff's federally protected rights;

F. An award of reasonable attorneys' fees and costs incurred in this action; and

G. Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted on this 5th day of June 2026,

/s/ William Lee Gribble, II

_____

**William Lee Gribble, II (BPR No. 022106)**
**550 East Broadway Avenue**
**Maryville, TN 37804**
**865-980-7700-Ofc**
**Email: billy@willliangribble.com**